United States District Court
Southern District of Texas
**ENTERED**
November 25, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CRISTIAN EDGARDO HERNANDEZ ORELLANA, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-09962 |
| versus | § | JUDGE CHARLES ESKRIDGE |
| MARTIN FRINK, Respondent. | § | |

## ORDER ON DISMISSAL

Petitioner Cristian Edgardo Hernandez Orellana filed a petition for writ of *habeas corpus* under 28 USC §2241 on November 13, 2026. Dkt 1. He proceeds here *pro se*. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his current detention violates the Due Process Clause of the Fifth Amendment, and the Immigration and Naturalization Act. Id at 6.

He alleges that (i) he entered the United States in 2018 when he was seventeen years old, (ii) his I-360 visa application as a Special Immigrant-Juvenile was approved in November 2019, (iii) his application for adjustment of status is pending, (iv) he was detained on June 2, 2026, (v) his applications for asylum, withholding of removal, and protection under the Convention Against Torture were denied on August 7, 2026, and (vi) his appeal of that ruling is pending. Id at 4–6. Documents attached to the petition show that (i) he was issued a Notice to Appear upon arrival charging him with inadmissibility under 8 USC §1182(a)(4)(a) as an alien likely to become a public charge and under §1182(a)(7)(A)(i)(I) as an immigrant not in possession of an immigrant visa or other valid entry

document, (ii) his SIJ visa application was approved in November 2019, and (iii) he was granted deferred action as an SIJ on May 12, 2022, for a period of four years. Dkt 1-1 at 4–5, 7. As relief, he seeks either release or a bond hearing. Dkt 1 at 7.

A district court entertaining an application for a writ of *habeas corpus* "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 USC §2243. A petition brought under 28 USC §2241 is subject to summary dismissal if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *Kiser v Johnson*, 163 F3d 326, 328 (5th Cir 1999), quoting Rule 4 of the Rules Governing Section 2254 Cases; see also Rule 1(b) of the Rules Governing Section 2254 Cases (permitting courts to apply such rules to *habeas* petitions not covered by Rule 1(a), including §2241 petitions).

The Fifth Circuit has issued a controlling decision with respect to detention under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See id at 502–08; accord *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex) (as to §1225(b)(2)(A)). Such determination forecloses statutory arguments under the INA, along with any claim that the subject agency acted *ultra vires* in exercising detention authority in this context.

The Fifth Circuit has also issued an *en banc* decision as to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Vegara*, 193 F4th 837 (5th Cir 2026). With reference to detention pending conclusion of removal proceedings for aliens who have never been admitted, the decision holds that neither procedural nor substantive due process requires hearings or other process beyond those provided by Congress. Id at 847, 852–53. As

to that category of aliens, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, *are* due process of law." Id at 847, quoting *DHS v Thuraissigiam*, 591 US 103, 138 (2020) (emphasis in original); accord *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex) (as to procedural due process). The Fifth Circuit also flatly stated, "Any assertion of a fundamental right to freedom from custody pending removal proceedings fails." Id at 854. And in broader context, it further observed, "So long as an alien's detention pending removal 'ha[s] a definite termination point'—removal or release—his or her continued confinement without bond hearing does not offend due process." Id at 858, quoting *Banyee v Garland*, 115 F4th 928, 933–34 (8th Cir 2024); see also *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex) (as to substantive due process). The only exception with respect to due process that appears to now exist is that articulated in *Zadvydas v Davis*, 533 US 678 (2001), with respect to post-removal-order detention and the presumptively constitutional six-month period. But Petitioner here isn't yet subject to a final order of removal.

Petitioner references an approved I-360 Special Immigrant-Juvenile visa application. This alone doesn't confer lawful immigration status, lawful permanent residence, or immunity from removal proceedings. See *Cortez-Amador v Attorney General,* 66 F4th 429, 433 (3d Cir 2023); see also *United States v Jurado-Garcia*, 2016 WL 10703154, *3 (SD Tex), vacated on other grounds by *United States v Garcia*, 707 F Appx 231 (5th Cir 2017). It would instead simply deem Petitioner paroled into the United States. See 8 USC §1255(h)(1). But review of a decision to revoke such parole is jurisdictionally barred and, regardless, returns a petitioner to status as an arriving alien subject to mandatory detention under §1225(b)(1). *Moreno Sanchez v Smith,* 2025 WL 3687914, *1–2 (SD Tex). Petitioner's status as a SIJ thus doesn't render his current detention unlawful.

Petitioner also references his deferred-action status. The record establishes that such status was granted in

May 2022 for four years, and thus expired several weeks before Petitioner was detained. See Dkt 1-1 at 4. The undersigned has also previously held that a prior grant of deferred action doesn't create a protected liberty interest requiring additional process before detention under §1225(b)(2)(A). *Alonzo Sevilla v Thompson,* 4:26-cv-04560 (SD Tex, July 22, 2026). Petitioner thus isn't entitled to release based on his prior deferred action status.

The arguments in the petition raise only issues resolved to the contrary in the decisions cited above. As such, it appears from the face of the petition that Petitioner is not entitled to relief.

The petition will thus be dismissed with prejudice on the basis presently submitted.

* * *

Many petitioners for writ of *habeas corpus* in this context present sympathetic personal and family circumstances. Even so, application of §1225(b)(2)(A) comports with due process and supports the position of the Government as to mandatory detention. Inquiry beyond that, as to whether such position is the best or wisest use of executive enforcement priorities, or whether it is in line with the priorities of prior Administrations, simply isn't the remit of an Article III court. It is instead the subject of legislation and the result of elections, both of which have consequences. See *Montoya Cabanas*, 2025 WL 3171331 at *6.

The petition for writ of *habeas corpus* by Petitioner Cristian Edgardo Hernandez Orellana is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

It is ORDERED that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on November 25, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge